WALTER H. LIPPERT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 13522. Promulgated November 4, 1948.

*Robert J. Bannister, Esq.*, for the petitioner.
*Gene W. Reardon, Esq.*, for the respondent.

784

786

OPINION.

Harlan, *Judge*: Our first question is as to whether or not the acts of the parties connected with the partnership of Lippert Brothers on and about December 31, 1942, resulted in a gift being made by petitioner to his wife of a one-fourth interest in the partnership.

The petitioner contends that he signed no deed and executed no bill of sale and that there was no property subject to manual delivery. He argues that the articles of partnership were simply an expression of intention and that the intended gift was never consummated.

With these contentions of the petitioner we are unable to agree. Petitioner and his wife, with an idea of reducing their income tax burdens, entered into the partnership agreement herein involved. Following the partnership agreement, a division of the partnership capital was made in conformity with that agreement. Both Lippert and his wife reported a gift to the Federal Government and Lippert paid his tax thereon. The partnership filed an information return showing Mrs. Lippert as having a one-fourth interest in the partnership income and, in fact, Lippert and his wife were preparing to file their individual income tax returns for 1944 based upon Mrs. Lippert having received 25 per cent of the partnership income when the petitioner received information that family partnerships were not being recognized for income tax purposes where the members of the family contributed neither capital nor services. The decision of this Court

on that point in *Francis E. Tower*, 3 T. C. 396, had been promulgated on March 3, 1944. Thereupon the petitioner reversed the capital entries made on the partnership books and the affairs of the partnership were readjusted as they had been prior to the agreement of December 31, 1942, with the wives of the partners.

In *William H. Gross*, 7. T. C. 837, this Court recognized that the mere signing of a partnership agreement, followed by acts in conformity therewith, was sufficient to constitute a taxable gift from one of the partners who allocated to his daughter and her husband 10 per cent each of the income of the partnership where practically all of the partnership capital consisted of good will.

In *Robert A. Faesy*, 1 B. T. A. 350, the entry on the partnership books of a division of capital by one partner in favor of another partner was held by the Board of Tax Appeals to be a gift from the former to the latter.

It is our conclusion that during the taxable year 1943 the petitioner herein gave his wife a one-fourth interest in the partnership of Lippert Brothers and that she retained that gift until the date in the spring of 1945, when the gift was returned to the petitioner.

Our next question is as to the value of that gift. Petitioner herein returned the value of the gift as one-fourth of the book value of the tangible assets and placed no value on any intangibles which the partnership may have owned consisting of good will, earning capacity, or outstanding contracts. The Commissioner, in determining the deficiency, placed a higher value on the one-fourth interest and stated that he based that value on:

\* \* \* a careful consideration of all factors affecting fair market value, primary weight being accorded the earning capacity of the enterprise, and the net worth of the business.

The petitioner contends that this business had no good will; that the contracts were all procured by personal solicitation of the partners; and that such contracts as the partnership procured were not awarded on personal friendship or the individual standing or reputation of the members of the partnership. In his brief petitioner says "Whether or not Lippert Brothers had performed its work ably and capably on previous jobs aided it not one whit in obtaining the next project."

The petitioner relies upon *Willoughby J. Rothrock*, 7 T. C. 848. In that case the Court held that the partnership good will had no value where the partnership business depended entirely upon the energies and activities of the partnership members, and said:

\* \* \* Its [the partnership] income was derived primarily from personal services, so that different participants with similar abilities, experience, and contacts could have organized a comparable venture and enjoyed a parallel success from their contribution of time, skills, and services.

So far as good will is concerned, we are inclined to support the position of the petitioner herein, from all of the evidence in the record. Nevertheless, if we waive good will as having any value whatsoever in this case, we must give consideration to the Commissioner's determination based upon "the earning capacity of the enterprise" in so far as that was represented by existing contracts at the time that the partnership was formed. These contracts were specifically included in the partnership assets by the partnership agreement.

Petitioner argues against this on the ground that we do not know either the value or the number of these contracts and must speculate on this point. He further argues that construction work is very risky business and that frequently losses are realized where substantial profits are anticipated. During the course of the trial, however, the Commissioner made repeated efforts, on cross-examination, to procure from the petitioner evidence as to the number of contracts and the reasonable anticipation of profits to be derived from these contracts. Such efforts on the part of the Commissioner were not only unsuccessful, but the petitioner himself declined to give any testimony on this point, although such testimony would have had considerable value in measuring the immediate earning capacity of the partnership. The record discloses that in 1943 the partnership actually received earnings in the amount of $184,063.36, and, in the absence of all knowledge as to what proportion of those earnings came from contracts in existence on January 1, 1943, or as to what the prospects of profits on contracts in existence on January 1, 1943, were at that time, we accept the Commissioner's valuation based upon earning capacity.

The petitioner argues in his brief as though the burden were on the Commissioner to establish the correctness of his determination. This, of course, is the reverse of the actual situation. The Commissioner's determination of value for earning capacity being $180,472, which was less than the actual earnings of the partnership for the year 1943, our conclusion as to the existence of the gift and the value thereof supports the correctness of the Commissioner's determination.

Reviewed by the Court.

*Decision will be entered for the respondent.*

TURNER, VAN FOSSAN, and HARRON, *JJ.*, dissent.